DANA v. RUSSO.
No. 3198–M–Civil.

District Court, S. D. Florida.
Miami Division.
June 6, 1951.

Martin Lemlich, Miami, Fla., for plaintiffs.

Taylor, Burr & Creel, Miami, Fla., for defendant.

HOLLAND, Chief Judge.

The plaintiffs' motion for new trial having been argued and submitted, the Court deems it advisable to make certain comments in connection therewith as well as in connection with the order of dismissal, and order on pretrial conference, entered on October 19, 1950.

Three primary questions of law must be resolved in order to properly rule on the motion. (1) Are the provisions of § 1331, Title 28 U.S.C.A. applicable to an action brought pursuant to § 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.; (2) where a landlord fails either (a) to refund to a tenant pursuant to the terms of a retroactive rent reduction order within 31 days from the date of its issuance, or (b) to stay the provision of the said order pursuant to the provisions of § 840.126 of Rent Procedural Regulation No. 2, does that failure become a violation giving rise to an action by the tenant for damages pursuant to § 205 of the Act, and (3) where a landlord fails to refund pursuant to the terms of the retroactive order or to stay the provisions of the order, but between the date of the issuance of the retroactive order and the expiration of the 31 days in which the refund is to be made the defense rental area is decontrolled, does such failure constitute a violation giving rise to an action under § 205 after the date of decontrol in view of the savings clause contained in § 204(f) of the Act.

■ (1). The Court of Appeals for the Fifth Circuit by its per curiam opinion in the case of Garlin v. Currie, 185 F.2d 401, answered the first question in the negative, holding in effect that jurisdiction was conferred upon the District Court regardless of amount in controversy by § 205 of the Act.

■ (2). The Supreme Court of the United States in the case of Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815, answered the second question in the affirmative. Certiorari was granted in that case for the sole purpose of resolving the question as to when the statute of limitations began to run under a retroactive rent reduction order. Although the Court in granting certiorari limited the question before it to that of the statute of limitations, Creedon v. Stone, 332 U.S. 835, 68 S.Ct.

218, 92 L.Ed. 408, it was necessary in order to determine the applicability of the statute of limitations expressly set out in § 205(e) of Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., to hold that the failure to refund pursuant to the provisions of a retroactive rent reduction order or to stay the provisions of said order within the required period constitutes a violation giving rise to an action by the tenant for damages. It is true that the question before the Supreme Court arose under the Emergency Price Control Act, and regulations promulgated pursuant thereto, however, that decision is controlling in the instant case notwithstanding the fact that this case involves § 205 of the Housing and Rent Act of 1947, as amended, because a careful analysis of the various provisions of the two Sections will reveal that they are for the purpose of resolving this question to all intents and purposes identical. This Court in its pretrial order dated October 19, 1950, in this case and in other cases in the past has consistently held that a tenant had a right upon the failure of a landlord to refund or to stay the refund provisions of a retroactive rent reduction order to institute an action for damages pursuant to § 205(c) and § 205(e) of Emergency Price Control Act of 1942, and § 205 of the Housing and Rent Act, but has held in addition thereto, as a matter of law, that the tenant was precluded from recovering a judgment in excess of the actual amount of the overcharge. The Court after careful deliberation has concluded that its position in this respect is contrary to the overwhelming weight of authority, and therefore reverses its position as indicated in the pretrial order, and holds that in order for any judgment to be limited to the actual amount of the overcharge, which judgment is predicated upon the failure or refusal of a landlord to comply with the provisions of a retroactive refund order, the record must show by preponderance of evidence that the "Chandler" defense has been established, i. e. that the overcharges were neither willful, nor the result of failure to take practicable precautions against the occurrence of the violation, the burden resting upon the landlord to establish the defense.

(3). The third question, insofar as the Court has been able to determine, is one of first impression. It is true that § 204(f) of the Housing and Rent Act, as amended by § 203(g) of Public Law 31, 81st Congress, provides that the provisions of the Act and Regulations, orders and requirements thereunder shall be treated as still remaining in force for the purpose of sustaining any proper suit or action with respect to such right or liability existing at the close of June 30, 1950, at which time the said Act was to expire by its own terms. However, the Court holds that, although the defendant landlord was under an affirmative duty to refund within 31 days from the date of the issuance of the said order, or to stay the refund provisions of the order, the failure to refund or stay could not ripen into a violation giving rise to an action under § 205 subsequent to the date of decontrol. The order upon which this action is predicated was issued on August 10, 1949, by the director attorney of the Miami Defense Rental Area Office of Housing Expediter, and the area decontrolled by the Housing Expediter effective September 1, 1949, pursuant to § 204 of the Act. It might be said that the expiration of the Act on the one hand and the decontrol of an area pursuant to the terms of the said Act on the other are not analogous situations. However, the Court is of the opinion that the savings clause as contained in § 204(f) is controlling in determining whether or not provisions of the Act, regulations, orders and requirements thereunder remain in force for the purpose of sustaining any proper suit or action with respect to any right or liability incurred prior to the expiration date of the Act, or the decontrol of an area pursuant to the terms of the Act. Therefore, notwithstanding the affirmative duty placed on this defendant to refund, that obligation did not ripen into a violation prior to the decontrol of the area, and it necessarily follows that if no violation came into existence prior to the decontrol of the area no right vested in the plaintiffs in this case which could be preserved by the savings clause

contained in § 204(f). The Court is therefore of the opinion that the motion for a new trial should be denied, and it is so ordered.